IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

| | |
|---|---|
| USA, | |
| PLAINTIFF | SENTENCING MEMORANDUM |
| v. | |
| EVERETT WESCOTT, | |
| DEFENDANT. | CASE NO. 22-CR-98 |

Mr. Wescott appeared before this court and entered a plea to Count 2 of the indictment. Given Mr. Wescott's completely absent criminal history and absolute cooperation with law enforcement, the mandatory minimum is appropriate in this case.

## ADVISORY GUIDELINES

The offense pleaded to carries a statutorily restricted term of 15 (minimum) – 30 (maximum) years. 120 There is also a requirement of 5 years of supervised release. Document 66 at ¶ 125.

A review of the PSR shows that under Category I, there is a total offense level of 43. Id. at ¶ 121. This would present a life imprisonment guideline. Id. It should be noted that this exceeds the statutorily imposed restrictions listed *supra*. However, the supervised release is the statutory minimum of at least 5 years. Id. at ¶ 125.

The government objected to the application of USSG § 2G2.1(b)(6)(B). See Document 67. While the government is likely correct in its interpretation, the end result is generally mooted by the statutory maximum for this Count.

## SENTENCING ARGUMENT

1. **Mr. Wescott's History**

Mr. Wescott's circumstances show incredible mitigation, including his complete lack of criminal history, his regrettable struggles with mental issues, and his untreated drug use. Mr. Wescott

has been engaging in self-treatment vis-à-vis illicit drug use for over a decade. 105-108 Mr. Wescott's personal history details an inability to self-medicate and how it contributed to his criminality. 100-108 The idea that Mr. Wescott has denied substance abuse or addiction (while admitting to utilizing innumerable illicit substances since his youth) goes to show the depth of Mr. Wescott's substance abuse issues and his complete lack of understanding that there is a life beyond drugs. Without proper guidance and care, Mr. Wescott lacks the faculties to address and then redress his substance abuse issues.

Mr. Wescott has also had continuing mental health issues. These, much like the self-medication issues, have gone untreated. Regrettably, Mr. Wescott also suffered a significant head injury within the Dane County Jail. This has caused substantial cognitive delays manifesting as physical limitations of sight and speech. It is hopeful that Mr. Wescott and his social worker will be able to craft a mental health plan to assist Mr. Wescott to get past his depression and suicidal ideations.

Finally, and perhaps most importantly, is his criminal history, or lack thereof. Mr. Wescott has no criminal history. Outside of a traffic citation, Mr. Wescott has not been involved in the criminal justice system in the slightest. This segues into Mr. Wescott's cooperation with law enforcement. From the onset, Mr. Wescott was cooperative with law enforcement. Mr. Wescott was forthcoming and honest with law enforcement, allowing for a complete investigation of this matter.

It is regrettable that Mr. Wescott waded into the deep end of the pool in this matter. However, this does not minimize the fact that Mr. Wescott's likelihood of recidivism, especially with this type of crime, is nearly zero.

2. **Appropriate Sentence**

The appropriate sentence for Mr. Wescott is 15 years with 5 years of supervised release. The public is not in need of protection from Mr. Wescott. Mr. Wescott has expressed his understanding and regret regarding this matter from the beginning. Mr. Wescott and his family have made no attempt to

contact or harass the victim in this matter. Mr. Wescott also has many community ties and strong familial support in the community. See Exhibits #1-4.

Congress has declared it appropriate that the sentencing in these matters be considerably lower than the sentencing guidelines would portend. Knowing this, it would seem that this matter is one of minimum sentencing requirements to achieve the purposes of sentencing. Additionally, Mr. Wescott is a young man, capable or reformation and should be give the opportunity to have a life after serving his sentence.

Mr. Wescott objects to the referencing of other cases as a bellwether for his own case. The government engages in a thinly veiled attempt to institute presumed penalties/punishments for Mr. Wescott. This should not be permitted for multiple reasons. Mr. Wescott's case varies wildly from the cases cited. In one case, the court imposed a sentence allegedly for a defendant who abused multiple children, photographed the abuse, and then distributed those photographs online. A second defendant also abused multiple children. The government states that the plea agreements can be accessed online. This is true. However, the PSRs for those defendants, which both the court and the government have reviewed and have access to, are not available to Mr. Wescott. Mr. Wescott also does not have access to the files of these cited cases. The government's argument regarding parity places both the court and the government at a distinct, and more importantly, unfair advantage over Mr. Wescott. It is impossible for Mr. Wescott and counsel to weigh the factors of the cited cases against the factors in Mr. Wescott's case. Mr. Wescott asks that these arguments and citations be stricken from the record and that the court give them no weight.

## CONCLUSION

Pursuant to the argument made above, Mr. Wescott asks that this court sentence be 15 years imprisonment along with 5 years of supervised release.

Dated: September 15, 2023.

Signed,

THE FITZGERALD LAW FIRM

/s/ Lane Fitzgerald
Lane Fitzgerald, SBN 1076290

2031 Riverside Drive, Suite A
Beloit, WI 53511
Phone: 608.318.3489
Email: info@thefitzgeraldlawfirm.com